Clare J. Hoyt, J.
Petitioner brings this proceeding under article 78 of the CPLR for a judgment directing respondent Town Board of the Town of Fishkill to hold a public hearing upon the application of petitioner for a change of zoning as it affects one acre of its property from “ R-15 ” to “ G B ” (General Business) so as to permit the construction of a gasoline filling station.
On the original return of the petition, respondents moved to dismiss in point of law, which motion was denied with leave to respondents to serve an answer and return. Renewal of respondents’ motion to dismiss was also denied. Respondents have now submitted their answer and return and petitioner has renoticed the matter for hearing (CPLR 7804, subd. [f]).
The issue here is whether the respondent Town Board was compelled to hold a public hearing prior to rendering a decision on petitioner’s application for a change of zoning. The court believes it was.
Sections 264 and 265 of the Town Law when read together require a Town Board to hold a public hearing prior to amend *821 ing, supplementing, changing, modifying or repealing any regulation, restriction and boundary affecting zoning. Article V of the Zoning Ordinance of the Town of Fishkill, relating to amendments, provides in section 501 thereof: ‘ ‘ The Town Board may * * * on its own motion, on petition, or on recommendation of the Planning Board or Zoning Board of Appeals, amend, supplement, or repeal the regulations and provisions of this Ordinance in the manner provided by Town Law.” Section 502 goes on to provide: “Every such proposed amendment or change, whether initiated by the Town Board or by petition, shall be referred to the Planning Board for report thereon before the public hearing provided by the Town Law.”
In the case at bar, petitioner’s application for a change of zoning made to the respondent Town Board was properly referred by said board to the Planning Board for review and recommendation. On February 1, 1965, the Planning Board recommended that the application be denied. On the same day, respondent Town Board met and voted to deny the application for a zoning change. It is interesting to note from a reading of the transcript of the minutes of the Town Board’s meeting that day that, even though respondent claims no public hearing was required, several persons spoke against the requested change.
Respondent board contends that a public hearing is required only where a change to the Zoning Ordinance is to be made and not where an application for a change will be denied. Such a proposition is without merit. It would mean that a Town Board would first have to consider the merits of an application for a zoning change and, if inclined to adopt such a change, it would then direct a public hearing but, if inclined to deny a change, it could render its decision without a hearing. The purpose of a public hearing is to enable the board to render an informed decision. The requirement of a public hearing as contained in sections 264 and 265 of the Town Law must be read so as to require such a hearing before a board makes its determination, not after. “ Unlike the usual legislative hearing, the public hearing of a proposed zoning ordinance or amendment is required by law. ’ ’ (Anderson, Zoning Law and Practice in New York State, § 4.04, pp. 61-62.)
The petition is granted and respondent board is directed to hold a public hearing forthwith relative to petitioner’s application for a zoning change.